**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Murphy,<br><br>    Plaintiff,<br><br>v.<br><br>Heather Fisher,<br><br>    Defendant. | No. CV-19-04526-PHX-DWL<br><br>**ORDER** |

Pending before the Court are (1) Plaintiff's motion for leave to file an amended complaint (Doc. 18) and (2) Plaintiff's motion to seal (Doc. 21). For the following reasons, both motions will be granted. Additionally, because Plaintiff wishes to add a new defendant whose presence will eliminate the existence of complete diversity between the parties, the Court will remand this action to state court once the amended complaint has been filed.

**BACKGROUND**

In May 2019, Plaintiff initiated this lawsuit by filing a complaint in Maricopa County Superior Court. (Doc. 1-2 at 4-7.) In a nutshell, the complaint alleges that Defendant committed the tort of defamation by transmitting a false complaint about Plaintiff, who is a registered nurse, to the Arizona Board of Nursing and then making additional defamatory statements about Plaintiff "to Plaintiff's employer, the Arizona State Board of Nursing, the Arizona Department of Health Services and the Arizona Department of Child Safety and to other persons presently unknown to Plaintiff." (*Id.* at 5-6 ¶¶ 7-14.)

On June 22, 2019, Defendant removed this action to federal court. (Doc. 1.) The sole jurisdictional basis for the removal was diversity jurisdiction, because Plaintiff is a citizen of Arizona and Defendant is a citizen of California. (*Id.* at 2; *see also* Doc. 7 at 2 [amended removal notice].)

On August 7, 2019, the parties filed their Rule 26(f) report. (Doc. 15.) Among other things, the report explains that Defendant is a psychotherapist who made the challenged statements after receiving information about Plaintiff from a patient who is not a party in this case. (*Id.* at 5.) The report also states that Defendant's anticipated defenses will include that (1) as a mandatory reporter, she has absolute immunity, under both California and Arizona law, for making reports to regulatory agencies, and (2) she "reserves the right to invoke the affirmative defense of truth" because "the information provided to [Defendant] was credible under the relevant circumstances" and "it was [Defendant's] understanding from the original reporter, that they were in fact true." (*Id.* at 3-4.) Finally, Plaintiff requested in the report that she be afforded some additional time to "seek to amend her complaint to add additional defendants," and Defendant didn't oppose this request but merely asked the Court to set a "date certain" for Plaintiff to pursue such an amendment. (*Id.* at 2.)

On August 27, 2019, the Court issued the Rule 16 scheduling order. (Doc. 17.) Among other things, it established a deadline of October 28, 2019 "for joining parties, amending pleadings, and filing supplemental pleadings." (*Id.* at 1.)

On September 17, 2019, Plaintiff filed a motion for leave to file an amended complaint. (Doc. 18.) The motion explains that, at the time Plaintiff filed the initial complaint, she was "unaware of the alleged source of the statements published by Defendant Fisher that are alleged to have been defamatory," but Plaintiff has since learned through discovery that the source was Brian Carlin, who was one of Defendant's patients. (*Id.* at 1-2.) Accordingly, Plaintiff wishes to add Carlin as a defendant. (*Id.*) Plaintiff's proposed amended complaint further notes that Carlin is a citizen of Arizona and thus states that "[s]uch diversity jurisdiction as this court had at the time of the removal is now

extinguished by the addition of Defendant Carlin." (Doc. 18-1 at 2.)

On October 1, 2019, Defendant filed a response to the motion to amend. (Doc. 19.) Defendant argues the motion should be denied on futility grounds because Carlin's statements to Defendant "are protected by the psychotherapist patient privilege and therefore cannot be the subject of a defamation action." (*Id.* at 1.) Notably, Defendant does not suggest the amendment is being sought as part of a bad-faith effort to defeat diversity jurisdiction.

On October 4, 2019, Plaintiff filed a reply in support of her motion to amend. (Doc. 23.) Plaintiff argues the proposed amendment is not futile because (1) the psychotherapist-patient privilege is not absolute under California or Arizona law and (2) there are various reasons why the privilege may be deemed inapplicable or waived here. (*Id.*)

On October 4, 2019, Plaintiff also filed a motion to seal one of the exhibits filed in support of her reply. (Doc. 21.) The motion explains that "[t]he document in question is an email from Defendant Heather Fisher relating to certain confidential matters involving Brian Carlin, the person whom Plaintiff seeks to add as a defendant in this matter. While it is Plaintiff's position . . . that Mr. Carlin has waived any confidentiality privilege as to such document with respect to Plaintiff, the subject matter in the email is very sensitive and Plaintiff does not mean to disseminate or publicize the contents of the email beyond that which is absolutely necessary and therefore seeks to file it under seal." (*Id.* at 1.)

Defendant did not file a response to the motion to seal.

**DISCUSSION**

I. Motion To Amend

Both parties argue that Plaintiff's request for leave to amend is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure. (Doc. 18 at 1; Doc. 19 at 1.) To the extent this rule provides the governing standard, Plaintiff is entitled to relief for two independent reasons. First, it is unclear whether Defendant even has standing under Rule 15(a)(2) to oppose the leave request on futility grounds, given that it doesn't purport to raise any new claims against her and simply seeks to add a new co-defendant. *See, e.g.,*

*Castellani v. City of Atl. City*, 2015 WL 12829622, *2 (D.N.J. 2015) ("With respect to the Defendant Officers' assertion of futility as to the claims against the proposed defendants, the Court finds that current parties 'unaffected by [the] proposed amendment' do not have standing to assert claims of futility on behalf of proposed defendants.") (citation omitted).

Second, even if Defendant had standing, amendment would be appropriate under Rule 15(a)(2), which provides that courts "should freely give leave [to amend] when justice so requires." The Supreme Court has identified several factors courts should consider in determining whether to grant leave to amend: (1) undue delay, (2) bad faith or dilatory motive on the movant's part, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party if the amendment is allowed, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[n]ot all of the factors merit equal weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "[P]rejudice to the opposing party . . . carries the greatest weight." *Id.* Here, Defendant doesn't argue she will be prejudiced if the Court grants leave to amend. Instead, she relies on futility. Although it is true that "the test for futility is whether the amendment can survive a motion to dismiss under Rule 12(b)(6)," *Fulton v. Advantage Sales & Mktg., LLC*, 2012 WL 5182805, *3 (D. Or. 2012), "[o]rdinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Fair Hous. Council of Cent. California, Inc. v. Nunez*, 2012 WL 217479, *4 (E.D. Cal. 2012).[1] Thus, when viewed solely through the lens of Rule 15(a)(2), Plaintiff is entitled to relief.

With that said, it is unclear whether Rule 15(a)(2) provides the applicable standard

---

[1] *See also Green Valley Corp. v. Caldo Oil Co.*, 2011 WL 1465883, *6 (N.D. Cal. 2011) (noting "the general preference against denying a motion for leave to amend based on futility"); *Williams v. Keybank Nat'l Ass'n*, 2016 WL 7107765, *3 (D. Or. 2016) (granting leave to amend and "find[ing] that it would be preferable to consider the futility arguments in the context of a motion to dismiss for failure to state a claim, whereby the parties could fully brief the sufficiency of plaintiffs' allegations under the appropriate briefing schedule, through a procedural mechanism that would allow optimal focus on those arguments (instead of their being first raised only in opposition briefing)"); *Bentley v. Arizona Dep't of Child Safety*, 2018 WL 8262769, *2 (D. Ariz. 2018) (finding that defendants' "arguments to the sufficiency of the proposed amendment, even if merited, remain better left for full briefing on a motion to dismiss").

here. As noted, this case was originally filed in state court but was then removed to federal court by Defendant based on diversity jurisdiction. The addition of Carlin as a defendant, however, will mean that complete diversity no longer exists—both he and Plaintiff are citizens of Arizona. Plaintiff's amendment request thus implicates 28 U.S.C. § 1447(e). That statute, which was not cited by either party, provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand to the State court." Some courts have concluded that "the logic and policy of Rule 15(a) do not apply" in this scenario. *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999). *See also Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015) ("Generally, leave to amend must be 'freely given' [under Rule 15(a)(2)] . . . . However, where a proposed amendment would add a non-diverse party after removal—thereby precluding existing, diversity jurisdiction—there is greater discretion in determining whether to allow the amendment [under 28 U.S.C. § 1447(e)].").

The Ninth Circuit has emphasized that "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Although "Section 1447(e) is silent as to how courts should exercise this discretion . . . courts have considered a variety of factors including (1) whether the person sought to be joined is a necessary party under Rule 19(a); (2) the plaintiff's motive for seeking joinder and whether plaintiff is seeking to add a defendant solely to destroy diversity of citizenship; (3) the delay in seeking to add the new defendant; (4) whether, if joinder is denied, the statute of limitations would bar an action against the new defendant in state court; (5) the apparent validity of the claim; and (6) any prejudice to the plaintiff if the amendment is denied." *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 579-80 (D. Ariz. 2003) (citations omitted).

The Court has considered these factors and concludes that Plaintiff's amendment request is appropriate. As noted, Defendant hasn't argued the amendment request represents a cynical attempt to defeat diversity jurisdiction—the sole ground on which she

opposes the request is futility. Plaintiff, however, has identified several reasons why the amendment may not be futile. Additionally, there was no delay in seeking amendment and Plaintiff might suffer prejudice if the amendment request were denied.

II. Motion To Seal

The public has a general right to inspect judicial records, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). The reply in support of the motion for leave to amend is such a motion.

The document that Plaintiff wishes to seal is an email from Defendant to Carlin concerning Carlin's treatment. (Doc. 21.) The Court has balanced the public's interest in accessing judicial documents against Carlin's interest in privacy and concludes that compelling reasons exist for sealing this document.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's motion for leave to amend (Doc. 18) is **granted**;

(2) Plaintiff's motion to seal (Doc. 21) is **granted**;

(3) Plaintiff shall file the amended complaint by **October 29, 2019**;

…

(4) Once the amended complaint is filed, the Clerk of Court shall remand this action to Maricopa County Superior Court.

Dated this 22nd day of October, 2019.

_____
Dominic W. Lanza
United States District Judge